## UNITED STATES v. GASKIN.
### No. 761.

District Court, N. D. Florida.

April 5, 1943.

George Earl Hoffman, U. S. Atty., of Pensacola, Fla., for plaintiff.

E. Clay Lewis, Jr., of Port St. Joe, Fla., and Marion B. Knight, of Blountstown, Fla., for defendant.

LONG, District Judge.

The indictment charges:

That on or about the fifth day of August, 1940, in the Northern District of Florida, before the return of this indictment and within the jurisdiction of this Court, Charles A. Gaskin did unlawfully, wilfully, and feloniously arrest one James Johnson, to a condition of peonage, that is to say, the said Charles A. Gaskin, upon a claim of indebtedness alleged by him to be due him, the said Charles A. Gaskin, from the said James Johnson, and with the purpose and intent of causing the said James Johnson, against his will, to perform labor and work in satisfaction of said claimed debt, did then and there, forcibly and against the will of him the said James Johnson, arrest and detain the said James Johnson and transport him from a place at and near Panama City, Florida, to Wewahitchka, Florida, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States. § 444, 18 U.S.C.A.

It is the view of the Court that 18 U.S. C.A. § 444, does not visit a penalty for an arrest to a condition of peonage where the arrest is upon a claim of indebtedness for the purpose and intent of causing such person to perform labor and work in satisfaction of said debt forcibly and against the will of such person as alleged and set forth in the indictment returned in this case. There is no allegation in the indictment in this case that the alleged peon rendered any actual labor or service for the master.

The statute contemplates actual servitude, and upon charge of an arrest to a condition of peonage, an indictment thereunder must carry an allegation with reference to servitude following the arrest. The failure of the indictment in this case to carry such allegation renders it vulnerable under the statute.

This cause came on to be considered this date in open court, the defendant being present in person and by counsel, upon demurrer challenging the sufficiency of the indictment to charge, and the statute, 18 U.S.C.A. § 444, in denouncing, the crime of arrest to a condition of peonage, and the same having been argued by counsel for the Government, and the defendant, and the Court being advised of its opinion, it is ordered that the demurrer be and the same is hereby sustained.